COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-155-CV

 

 

HARLON H. COLEMAN                                                         APPELLANT

 

                                                   V.

 

MELINDA F. COLEMAN                                                           APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In three
issues, Appellant Harlon H. Coleman asserts that the trial court erred by
awarding spousal maintenance to Appellee Melinda F. Coleman in their divorce
decree.  We affirm in part and reverse
and remand in part.

 








II. 
Factual and Procedural History

Harlon
and Melinda married on November 22, 1985. 
On June 1, 2007, Harlon filed for divorce.  Twenty days later, Melinda entered a general
denial.  On November 10, 2008, Melinda
filed a counterpetition for divorce requesting, among other things, spousal maintenance.  Harlon responded with a motion to strike,
alleging surprise and lack of discovery. 
Harlon and Melinda both testified at the November 13, 2008 bench trial.

A.  Harlon=s
Employment

Harlon
testified that he works as a maintenance technician at Alcon Laboratories and
grosses $1,572 per week; by trial, he had worked there for seven years.  In 2007, he reported a little over $109,000
in income.  He testified that, during the
eighteen months they had been separated, he had given Melinda approximately
$29,000 in cash for maintenance and that he had moved out of the marital
residence, allowing her to live there while he continued to pay the monthly
mortgage payment.[2]

 

 

 








B.  Melinda=s
Employment

Melinda
had been certified to be a nursing home activity director and had worked in
that field, making $10 an hour, around nine years before trial.  But for most of their son=s life,
she was a stay-at-home mother.[3]

According
to Harlon, Melinda had not sought employment since they separated; prior to his
filing for divorce, Melinda worked at Alcon Laboratories full-time in a
temporary position as a Quality Assurance analyst making $20 an hour for around
three or four months.  Melinda had earned
approximately $10,000 while working at Alcon in the two years before trial.

Harlon
testified that Melinda=s temporary position with Alcon
had the potential to become a permanent full-time position and that the
temporary employee that replaced her at Alcon had become a full-time
employee.  Melinda testified that the
Alcon position was temporary and that there were never any discussions that it
would become permanent.  Melinda
testified that she quit the Alcon job because a co-worker lied about her,
making her Aworking circumstances very
difficult@ and causing her stress.  She testified that the reason she gave Alcon
for leaving was  A[c]onflict
issues with co-worker@ and that she just quit.








Since
the separation, Melinda had earned approximately $500 by providing travel and
transportation assistance for elderly persons. 
Melinda testified that she had not kept her activity director
certification current.  She testified
that she had a strong desire to be a missionary, which required sixteen months
of training.

C.  Trial Court=s
Decision

After
taking the matter under advisement, the trial court issued a letter ruling on
November 13, 2008, denying Harlon=s motion
to strike, ordering a distribution of the marital estate that roughly equalized
the assets and liabilities apportioned to each party, and ordering Harlon to
pay Melinda $1,000 per month in spousal maintenance for twenty months.  On May 8, 2009, the trial court signed a
final decree of divorce incorporating these orders and granting divorce on the
ground of insupportability.  This appeal
followed.

III. 
Spousal Maintenance

In his
third issue, Harlon asserts that there is insufficient evidence to overcome the
presumption under section 8.053(a) of the family code that spousal maintenance
is not warranted.  

A.  Standard of Review








A trial court=s award of spousal
maintenance is subject to an abuse of discretion review.  Brooks v. Brooks, 257 S.W.3d 418, 425
(Tex. App.CFort Worth 2008, pet. denied) (citing Chafino
v. Chafino, 228 S.W.3d 467, 474 (Tex. App.CEl Paso 2007, no
pet.)).  The trial court may exercise its
discretion to award spousal maintenance if the party seeking maintenance meets
specific eligibility requirements.  Id.
(citing Crane v. Crane, 188 S.W.3d 276, 278 (Tex. App.CFort Worth 2006,
pet. denied)).  When
there is no evidence or insufficient evidence to support a spousal maintenance
claim, a trial court abuses its discretion by granting spousal
maintenance.  See Dunn v. Dunn,
177 S.W.3d 393, 397 (Tex. App.CHouston
[1st Dist.] 2005, pet. denied).

Under the abuse of
discretion standard, legal and factual sufficiency of the evidence are not
independent grounds for asserting error, but they are relevant factors in
assessing whether the trial court abused its discretion.  Brooks, 257 S.W.3d at 425.  To determine whether there has been an abuse
of discretion because the evidence is legally or factually insufficient to
support the trial court=s decision, we engage in a
two-pronged inquiry:  (1) did the trial
court have sufficient evidence upon which to exercise its discretion, and (2)
did the trial court err in its application of that discretion?  Boyd v. Boyd, 131 S.W.3d 605, 611
(Tex. App.CFort Worth 2004, no pet.); see
also Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.CDallas
2005, pet. denied). 

 

 








B.  Family Code Section 8.053(a)

Family
code section 8.053(a) creates a presumption that spousal maintenance is not
warranted unless the spouse seeking the maintenance has exercised diligence in
either A(1)
seeking suitable employment; or (2) developing the necessary skills to become
self-supporting during a period of separation and during the time the suit for
dissolution of the marriage is pending.@[4]  Tex. Fam. Code Ann. '
8.053(a) (Vernon 2006).  

C.  The Evidence

The only
testimony pertinent to our inquiry came from Melinda under direct examination:

Q. . . . When was the last time you were working . . . [as a nursing
home activities director]?

 

A.  Nine years ago.

 

Q.  All right.  How am I going to put this.  And so, let=s say, when you and your
husband separated 18 months ago or two years ago even, what would it have taken
two years ago for you to get your certification back?

 








A.  I would have had to have
done some type of continuing education. 
I don=t know what that is.  I haven=t checked into it.

 

Q.  Why didn=t you check into it?

 

A.  Because I don=t want to do that.

 

Q.  What is it that you want
to do?

 

A.  I want to go into the
mission field and be a missionary.

 

Q.  Okay.  And you have looked into that?

 

A.  Yes.  I have.

 

Q.  Roughly how long does
that training take?

 

A.  There=s different time
periods.  The one I=m looking at now is 16
months.

 

Q.  Okay. 
And you=d rather do that than try
to catch up on nine years of continuing legalCcontinuing education for
being an activities director?    

 

A.  Yes. [Emphasis supplied.]

Melinda
also testified that in the two years prior to trial she had made about $500
providing travel and transportation assistance to the elderly, but she
testified further as follows:

Q.  So, it=s obvious you can=t make a living doing
that?

 

A.  No, it wasn=t for the money.  I didn=t do it for the money.

 

Q.  You did itCwhy did you do it then?

 

A.  Because it is what I was
lead to do and meant to do.

 








Q.  You were just helping them
out?

 

A.  Yeah.

 

D.  Analysis

Melinda
cites In re Marriage of McFarland, 176 S.W.3d 650 (Tex. App.CTexarkana
2005, no pet.), to support her argument that the foregoing testimony is
sufficient to rebut the statutory presumption. 
In that case, the wife 

testified that she had been a
homemaker for most of the marriage, had allowed her manicurist=s
license to expire several years ago, and had only recently been able to find
employment (from which she earned between $7.00 and $9.00 per hour because of
her limited education, training, experience, and lack of professional
licensure).








Id. at 653B54.  In its conclusions of law, the trial court
found, ASusan
McFarland had exercised due diligence in attempting during the pendency of the
divorce to obtain suitable employment.@  Id. at 654.  Based on the foregoing, the appellate court
affirmed the award of spousal maintenance. 
Id. at 659B60. In In re Marriage of Eliers, the wife testified that
following the couple=s separation, she secured a low
paying job in a grocery store that barely covered her rent.  205 S.W.3d 637, 646 (Tex. App.CWaco
2006, pet. denied).  Her van was
repossessed because of her inability to make monthly payments, and the lack of
transportation and her child-rearing responsibilities prevented her from being
able to pursue job training.  She had
explored other jobs in the vicinity without success.  The court concluded that the trial court did
not abuse its discretion by finding that she overcame the statutory presumption
against spousal maintenance Abecause
she provided ample evidence that she ha[d] exercised diligence in seeking
suitable employment under her circumstances.@  Id.

In
comparison to the cases above, Melinda=s only
testimony in support of her spousal maintenance claim was that she had Alooked
into@ going
into the mission fieldCwhich required sixteen months of
trainingCand that
she had made $500 in the previous two years by transporting peopleCwork
that she did not do for the money.  In
light of the statutory language and the cases above, we hold that there was
insufficient evidence upon which the trial court could exercise its discretion
to award spousal maintenance.  Therefore,
the trial court erred by awarding spousal maintenance.  We sustain Harlon=s third
issue.[5]

 

 








IV. 
Conclusion

Harlon=s third issue is dispositive.  Having sustained that issue, we need not
reach his first two issues.  See
Tex.  R. 
App.  P.  47.1. 
We affirm the trial court=s divorce decree except for the part pertaining
to spousal maintenance.  We reverse the
portion of the decree granting spousal maintenance and remand this case to the
trial court for a new trial solely on the issue of spousal maintenance.  

 

 

 

BOB MCCOY

JUSTICE

 

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Melinda moved out of the
marital residence in June or July 2008 because of a conflict with their son,
who was living there at the time, and moved in with her parents.





[3]Harlon testified that he
and Melinda have a twenty-year-old son who is in college and who Harlon
supports by paying his rent, car payment, and automobile insurance.





[4]The presumption applies
to maintenance under section 8.051(2), which states that in a suit for
dissolution of a marriage, the court may order maintenance for either spouse
only if the marriage lasted ten years or longer, the spouse seeking maintenance
lacks sufficient property to provide for the spouse=s minimum reasonable
needs, and the spouse seeking maintenance Aclearly lacks earning ability in the labor market
adequate to provide support for the spouse=s minimum reasonable needs.@  See Tex. Fam. Code Ann. ' 8.051(2)(C) (Vernon
2006).





[5]Because Harlon challenged
the trial court=s award of spousal
maintenance on the ground that there was insufficient evidence, his remedy is a
new trial on the issue of spousal maintenance. 
See Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401B02 (Tex. 1981) (holding
that if the court of appeals sustains an issue or point because the evidence is
factually insufficient, it must reverse the judgment of the trial court and
remand for new trial); but cf. Watson v. Watson, 286 S.W.3d 519, 523,
525 (Tex. App.CFort Worth 2009, no pet.)
(reversing and rendering judgment when appellant complained that, rather than
insufficient evidence, there was no evidence to support the award of spousal
maintenance).