CRANE V. CRANE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-162-CV

LOU CRANE APPELLANT

V.

DONALD CRANE APPELLEE

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I. Introduction

In two issues, Appellant Lou Crane appeals from the trial court’s denial of her motion for periodic review and for continuation of spousal maintenance.  We reverse and remand. 

II. Background

Appellant and Donald Crane, appellee, were divorced on September 10, 1999.
 
 In the final decree of divorce, the trial court ordered Appellee to pay Appellant spousal maintenance of $225.00 per week from June 25, 1999, through July 30, 1999, and the reduced amount of $160.00 per week from August 6, 1999, through the last Friday in December of 2002, or until she remarried, whichever occurred first.
(footnote: 1)  In July 2003, alleging continuing physical disability and inability to work, Appellant filed a motion to confirm spousal maintenance arrearage and request for periodic review of spousal maintenance to determine whether disability is continuing, seeking an indefinite continuation of spousal maintenance.
(footnote: 2)  

At the hearing on the motion, Dr. Dennis Lehman, Appellant’s  primary care physician for over fifteen years, testified that Appellant has suffered from fibromyalgia, chronic fatigue syndrome, and depression since 1991.  In 1996, he had diagnosed Appellant as totally disabled.  Dr. Lehman testified at the hearing that Appellant’s condition has not worsened since the divorce in 1999,  and that, in general, her condition has stabilized.  By contrast, when asked about the changes in her condition since the divorce, Appellant responded that her migraine headaches last longer, she drops things more frequently, her balance has not improved, and sometimes just stepping into an air-conditioned room and inhaling the air makes her whole body hurt.  

After hearing all the testimony, the trial court found that Appellant “cannot support herself at appropriate employment because of the incapacitating physical disability which she was found to be under at the time of divorce” and that she lacks sufficient property or income to meet her minimum reasonable needs.  However, the trial court found that she did not show a material or substantial change of circumstances as required by Texas Family Code section 8.057.  
See 
Tex. Fam. Code Ann.
 § 8.057(c) (Vernon Supp. 2005).  Therefore, the trial court denied Appellant’s motion for the continuation of spousal maintenance.
 

III. Spousal Maintenance

The legislative purpose in enacting provisions for spousal maintenance was to provide temporary and rehabilitative support for a spouse whose ability for self-support is lacking or has deteriorated over time while engaged in homemaking activities and whose capital assets are insufficient to provide support.  
Deltuva v. Deltuva
, 113 S.W.3d 882, 888 (Tex. App.—Dallas 2003, no pet.) (op. on reh’g); 
O’Carolan v. Hopper
, 71 S.W.3d 529, 533 (Tex. App.—Austin 2002, no pet.).  The trial court may exercise its discretion to award spousal maintenance if the party seeking maintenance meets specific eligibility requirements.  
Pickens v. Pickens
, 62 S.W.3d 212, 214-15 (Tex. App.—Dallas 2001, 
pet. denied). 
 Section 8.051 of the Texas Family Code outlines the eligibility requirements for maintenance.  In pertinent part, it provides as follows:

In a suit for dissolution of a marriage . . . , the court may order maintenance for either spouse only if:

. . . .

(2) the duration of the marriage was 10 years or longer, the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse’s minimum reasonable needs, as limited by Section 8.054, and the spouse seeking maintenance:

(A) is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability[.]

Tex. Fam. Code Ann. § 8.051 (
Vernon Supp
. 2005)
.
  

Section 8.054 of the Texas Family Code, governing the duration of the maintenance order, limits section 8.051.  
See id.
  At the time this case was commenced, section 8.054 provided as follows:

(a) Except as provided by Subsection (b), a court:

(1) may not order maintenance that remains in effect for more than three years after the date of the order; and

(2) shall limit the duration of a maintenance order to the shortest reasonable period that allows the spouse seeking maintenance to meet the spouse’s minimum reasonable needs by obtaining appropriate employment or developing an appropriate skill, unless the ability of the spouse to provide for the spouse’s minimum reasonable needs through employment is substantially or totally diminished because of:

(A) physical or mental disability;

(B) duties as the custodian of an infant or young child; or

(C) another compelling impediment to gainful employment.

(b) If a spouse seeking maintenance is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability, the court may order maintenance for an indefinite period for as long as the disability continues.  The court may order periodic review of its order, on the request of either party or on its own motion, to determine whether the disability is continuing.  The continuation of spousal maintenance under these circumstances is subject to a motion to modify as provided by Section 8.057.

Tex. Fam. Code Ann.
 § 8.054(a) (Vernon Supp. 2005); Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147 (current version at 
Tex. Fam. Code Ann.
 § 8.054(b) (Vernon Supp. 2005)).

Section 8.057 outlines the requirements for modification of a maintenance order, providing as follows:

(a) The amount of maintenance specified in a court order or the portion of a decree that provides for the support of a former spouse may be reduced by the filing of a motion in the court that originally rendered the order.  A party affected by the order or the portion of the decree to be modified may file the motion.

. . . .

(c) After a hearing, the court may modify an original or modified order or portion of a decree providing for maintenance on a proper showing of a material and substantial change in circumstances of either party.  The court shall apply the modification only to payment accruing after the filing of the motion to modify.

. . . .

Tex. Fam. Code Ann. § 8.057
.
  
Thus, the amount of maintenance ordered may be 
reduced
 by filing a motion to modify with the court that originally rendered the order. 
Tex. Fam. Code Ann.
 § 8.057(a); 
see
 Jim Loveless, 
Maintenance, Contractual Alimony, Money Judgment and Other Tips for Post Divorce Spousal Support
, 
State Bar of Texas 31st
 Annual Advanced Family Law Course 
supplement at 3 (Aug. 2005).  

IV. Characterization of Action

In her first issue, Appellant contends that because she filed a request for an indefinite continuation of spousal maintenance under Texas Family Code section 8.054(b), rather than a motion to modify maintenance under section 8.057, the trial court erred by imposing on her the burden to prove a material and substantial change in the circumstances of either party.  We agree.

Subject to the exception provided by section 8.054(b), spousal maintenance may not last more than three years after the date of the order imposing the maintenance.  
Tex. Fam. Code Ann.
 § 8.054(a).  Section 8.054(b) of the family code, however, authorizes the court, upon a finding that a spouse is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability, to order spousal maintenance for an indefinite period for as long as the disability continues.  
Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147
; 
Pickens
, 62 S.W.3d at 217
.  
The trial court may also order periodic review of its order, on the request of either party or on its own motion, to determine whether the disability continues to render the spouse unable to support himself or herself through appropriate employment.  
Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147
; 
see Dunn v. Dunn
, 177 S.W.3d 393, 395-97 (Tex. App.—Houston [1st
 Dist.] 2005, pet. denied); 
Carlin
 
v. Carlin
, 92 S.W.3d 902, 904-05 (Tex. App.—Beaumont 2002, no pet.)
.  

Unlike a motion to modify maintenance where the movant is required to prove a material and substantial change in circumstances of one of the parties before the court can modify its prior order to reduce or terminate maintenance, a request for the trial court to review continuation of the spousal maintenance order appears to place no special burden of proof on the movant other than to prove by a preponderance of the evidence that his or her disability is continuing.  
See 
Tex. Fam. Code Ann.
 § 8.057(c); Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147; 
Carlin
, 92 S.W.3d at 905
.  Appellee argues and we agree that section 8.054(b) does state that the continuation of spousal maintenance is subject to a motion to modify as provided by section 8.057.  
Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147.
  However, we agree with Appellant’s argument that this reference to section 8.057 does 
not
 require that the movant who is requesting the trial court to review continuation of the spousal maintenance order show a material and substantial change in circumstances.  
See Carlin
, 92 S.W.3d at 905.  Instead, the reference to section 8.057 means that the order of continuation itself will be subject to future modification if the obligor contends that the amount of the payments must be reduced, and, in that event, the obligor must show a material and substantial change in the circumstances of either party. 
 See
 
Tex. Fam. Code Ann.
 § 8.057; 
Tyler v. Talburt
, No. 04-02-00245-CV, 2003 WL 1964186, at *1 (Tex. App.—San Antonio April 30, 2003, no pet.) (
considering a motion to modify an award of spousal maintenance for an indefinite period of time when the appellant argued that Talburt no longer had an incapacitating physical or mental condition)
; 
Jim Loveless, 
Maintenance, Contractual Alimony, Money Judgment and Other Tips for Post Divorce Spousal Support
,
 State Bar of Texas 31st
 Annual Advanced Family Law Course 
supplement at 3 (Aug. 2005).   

Simply labeling an action as a motion for continuation, rather than a motion to modify maintenance, is not sufficient to invoke section 8.054(b); rather, the trial court’s final divorce decree controls.  
See Dunn
, 177 S.W.3d at 395-97
 (reviewing an order of spousal maintenance under section 8.054(b) when the trial court had stated on the record and in the original divorce decree that “pursuant to section 8.054(b) of the Texas Family Code” the court would review the maintenance order); 
Carlin
, 92 S.W.3d at 904-05
 (finding that wife’s motion was a request for the trial court to review continuation of the spousal maintenance order, rather than a motion to modify maintenance, because the final divorce decree included a clause providing that if she continued to be unable to support herself because of her incapacitating physical disability, then the spousal support payments would continue).  The duration of a spousal maintenance award is determined at the time of the divorce, when the trial court must determine whether spousal maintenance will be ordered
 for a period of up to three years pursuant to section 8.054(a) or, if the trial court finds that the spouse has an incapacitating physical or mental disability, for more than three years pursuant to section 8.054(b).  
See 
Tex. Fam. Code Ann.
 
§ 8.054; 
Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147.  Once the maintenance order is incorporated into a final judgment, the language of the final decree of divorce then controls whether a movant may file a motion to continue maintenance.  
See Dunn
, 177 S.W.3d at 395-97
; 
Carlin
, 92 S.W.3d at 904-05.

 In the final divorce decree here, even as corrected, the trial court ordered Appellee to make spousal maintenance payments from June 1999 through December 2002, a period of more than three years.  The trial court only had authority to order maintenance for more than three years under section 8.054(b); therefore, we will interpret the decree as impliedly based on a finding of physical or mental disability under 8.054(b), since maintenance for any other reason is limited to three years under 8.054(a).  
See In re Brunin
, No. 04-04-00893-CV, 2005 WL 839531, at *2 (Tex. App.—San Antonio April 13, 2005, orig. proceeding) (op. on reh’g) (“Since maintenance for any reason other than incapacitating physical or mental disability may only extend for three years, the divorce decree and the 2002 order could be read as being implicitly based on a finding of incapacitating physical or mental disability.”).  Moreover, in the order appealed from, denying Appellant’s motion for continuation of spousal maintenance, the trial court expressly noted that Appellant “cannot support herself at appropriate employment because of the incapacitating physical disability which she was found to be under at the time of divorce” and that she lacks sufficient property or income to meet her minimum reasonable needs. 

Thus, we hold that the trial court incorrectly treated Appellant’s motion for continuation of spousal maintenance as a motion under section 8.057 to modify the maintenance ordered by the original decree.  And because the request for the trial court to review continuation of the spousal maintenance order placed no special burden of proof on Appellant other than to prove by a preponderance of the evidence that her disability was continuing, the trial court erred in imposing on Appellant the burden to prove a material and substantial change in the circumstances of either party under section 8.057(c).  
See 
Tex. Fam. Code Ann.
 § 8.057(c); Act of May 22, 2001, 77th
 Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576-77, 
amended by 
Act of May 25, 2005, 79th
 Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147; 
Carlin
, 92 S.W.3d at 905
.
  We sustain Appellant’s first issue.

V. Conclusion

Because we have sustained Appellant’s first issue, we need not address her second issue.  We reverse the trial court’s judgment and remand the case for proceedings consistent with this opinion.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  February 9, 2006

FOOTNOTES
1:
The original final decree of divorce contained a clerical error by ordering spousal maintenance to continue through the last Friday in December of 2003; therefore, on January 28, 2004, the court granted Appellee’s motion for judgment nunc pro tunc and corrected the decree such that the maintenance payments continued only through the last Friday in December of 2002. 

2:
Appellant’s motion to confirm spousal maintenance arrearage is not pertinent to any issue raised in this appeal; therefore, we need not discuss it.