Ronald Lewis **HACKENJOS**, Appellant

v.

Patricia M. **HACKENJOS**, Appellee.

No. 05–06–00002–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 2006.

Michael P. Wortham, Nacol, Wortham & Associates, P.C., Richardson, for Appellant.

Patricia Hackenjos, Red Oak, pro se.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Ronald Lewis Hackenjos appeals the trial court's final order on alimony denying

his petition to continue spousal maintenance by his former wife, Patricia M. Hackenjos, now known as Patricia English. In his sole issue on appeal, Hackenjos argues the trial court erred when it denied his petition to continue the order of spousal maintenance. English did not file a brief in this appeal. We conclude the trial court erred. The trial court's final order on alimony is reversed and the matter is remanded to the trial court for further proceedings on the merits of Hackenjos's petition to modify court-ordered spousal maintenance.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Hackenjos and English were divorced on August 28, 2002. In the final decree of divorce, the trial court ordered English to pay Hackenjos spousal maintenance of $500 per month from April 1, 2002 through March 1, 2005, or until Hackenjos remarried or a finding of cohabitation, whichever occurred first. The trial court also found that Hackenjos is permanently disabled and placed the burden on him to seek continuation of the spousal maintenance order beyond March 1, 2005.

On February 14, 2005, Hackjos filed a petition to modify the court-ordered spousal maintenance with the trial court. His petition requested the trial court to continue the spousal maintenance order indefinitely due to his continued disability. English filed an answer generally denying the allegations in Hackenjos's petition. After a hearing, the trial court denied Hackenjos's request for continued maintenance stating that it lacked the authority to extend the spousal maintenance as requested. Hackenjos requested findings of fact and conclusions of law. On December 13, 2005, the trial court issued its findings of fact and conclusions of law, which states only that the trial court finds and concludes that it lacks the authority to extend spousal maintenance under Texas Family Code section 8.054.

## II.  MODIFICATION OF SPOUSAL MAINTENANCE

In his sole issue on appeal, Hackenjos argues the trial court erred when it denied his petition to continue spousal maintenance. Hackenjos contends he proved by a preponderance of the evidence that he is permanently disabled and unable to work. Also, he contends the trial court was authorized to continue his spousal support.

### A.  Standard of Review

■ An appellate court conducts a de novo review of a trial court's legal conclusions. *Gentry v. Squires Constr., Inc.,* 188 S.W.3d 396, 402 (Tex.App.-Dallas 2006, no pet.); *see also Fischer–Stoker v. Stoker,* 174 S.W.3d 272, 277 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). A trial court's conclusions of law are independently evaluated to determine whether the trial court correctly drew the legal conclusions from the facts. *See Gentry,* 188 S.W.3d at 401; *Dallas Morning News Co. v. Bd. of Trustees,* 861 S.W.2d 532, 536 (Tex.App.-Dallas 1993, writ denied).

### B.  Applicable Law

■ A trial court may exercise its discretion and award spousal maintenance if the party seeking maintenance meets specific eligibility requirements. *See* Tex. Fam.Code Ann. § 8.051(2) (Vernon 2006); *Pickens v. Pickens,* 62 S.W.3d 212, 214–15 (Tex.App.-Dallas 2001, pet. denied). When a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to

seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and cannot support himself due to an incapacitating physical or mental disability. *See* TEX. FAM.CODE ANN. § 8.051; *Pickens*, 62 S.W.3d at 215.

The duration of a spousal maintenance order is limited by section 8.054 of the Texas Family Code. *See* TEX. FAM.CODE ANN. § 8.054; *Crane v. Crane*, 188 S.W.3d 276, 279 (Tex.App.-Fort Worth 2006, pet. denied). Section 8.054(a) limits a trial court's award of spousal maintenance to no more than three years. *See* TEX. FAM.CODE ANN. § 8.054(a). However, under section 8.054(b), if the spouse seeking maintenance is unable to support himself through appropriate employment because of an incapacitating physical or mental disability, the trial court may order spousal maintenance for an indefinite period of time as long as the disability continues. *See* TEX. FAM. CODE ANN. § 8.054(b).

■ Once the maintenance order is incorporated into a judgment, the language of the divorce decree controls whether a party may file a motion to continue maintenance. *See Crane*, 188 S.W.3d at 281; *Carlin v. Carlin*, 92 S.W.3d 902, 904–05 (Tex.App.-Beaumont 2002, no pet.). When spousal maintenance is awarded pursuant to section 8.054(b), the trial court may order periodic review of its order, on the request of either party or on its own motion, to determine whether the disability continues to render the spouse unable to support himself through appropriate employment. *See* TEX. FAM.CODE ANN. § 8.054(b). A request for the trial court to review continuation of the spousal maintenance order places no special burden of proof on the petitioner. *See id.; Carlin*, 92 S.W.3d at 905. The petitioner is not required to prove a material and substan-

tial change in circumstances, which would be required if the petition sought modification of the maintenance order under section 8.057(c). *See Carlin*, 92 S.W.3d at 905. Rather, a party seeking to continue receiving spousal maintenance has the burden to prove by a preponderance of the evidence: (1) his incapacitating physical disability continues; and (2) that the incapacitating physical disability prevents him from supporting himself through appropriate employment. *See Crane*, 188 S.W.3d at 281; *Carlin*, 92 S.W.3d at 905.

Spousal maintenance terminates on the death of either party or if the party receiving spousal maintenance remarries or cohabits with another in a permanent place of abode on a continuing, conjugal basis. *See id.* § 8.056.

## C. Application of the Law to the Facts

■ First, we must determine whether the trial court ordered spousal maintenance pursuant to section 8.054(a) or (b). Although Hackenjos labeled his pleading "Petition to Modify Court–Ordered Spousal Maintenance," the relief he requested was the continuation of spousal maintenance beyond March 1, 2005. Also, we look to the language of the divorce decree to determine whether it is a motion to modify the maintenance order pursuant to section 8.057 or a motion to continue maintenance pursuant to section 8.054(b). *See Crane*, 188 S.W.3d at 281; *compare* TEX. FAM.CODE ANN. § 8.057 *with* § 8.054(b). In the final decree of divorce, the trial court ordered English to pay Hackenjos spousal maintenance as follows:

## Court–Ordered Maintenance

The Court finds that under the circumstances presented in this case, RON-

ALD LEWIS HACKENJOS is eligible for maintenance under the provisions of Texas Family Code chapter 8. Accordingly, PATRICIA [ENGLISH] is ordered to pay as maintenance the sum of $500.00 per month to RONALD LEWIS HACKENJOS, with the first payment being due on April 1, 2002, and a like amount being due 1st [sic] of each consecutive month thereafter until the earliest of one of the following events occurs:

1. March 1, 2005;

2. death of either Petitioner or Respondent;

3. remarriage of RONALD LEWIS HACKENJOS; or

4. further orders of the Court affecting the spousal maintenance obligation, including a finding of cohabitation by RONALD LEWIS HACKENJOS.

Also, the trial court found the following:

THE COURT FINDS, that RONALD LEWIS HACKENJOS is permanently disabled and that he shall have the burden of moving to have the maintenance ordered herein to continue beyond March 1, 2005.

Although the divorce decree ordered spousal maintenance payments for a period of three years, the trial court's finding that Hackenjos is permanently disabled and that he shall have the burden of moving to continue the spousal maintenance is operative. *See Carlin,* 92 S.W.3d at 904. A reasonable reading of these provisions shows the trial court intended for judicial review, after the expiration of three years, of Hackenjos's inability to support himself at appropriate employment because of his disability. *See Carlin,* 92 S.W.3d at 904–05. Accordingly, we interpret the order of spousal maintenance in the divorce decree as impliedly based on a finding of disability under section 8.054(b). *See Crane,* 188 S.W.3d at 281; *Carlin,* 92 S.W.3d at 904–05.

Next, we must determine whether the trial court had authority to continue spousal maintenance. Although he does not frame his issue as a challenge to the trial court's findings of fact and conclusions of law, Hackenjos's issue challenges the trial court's sole finding and conclusion that states:

The Court FINDS and CONCLUDES that the Court lacks the authority to extend the spousal maintenance under Texas Family Code [section] 8.054.

Section 8.054(b) of the Texas Family Code specifically provides that the trial court may "order periodic review of its order ... to determine whether the disability continues to render the spouse unable to support himself ... through appropriate employment." *See* TEX. FAM.CODE ANN. § 8.054(b). Accordingly, we conclude the trial court erred when it concluded it did not have authority to extend spousal maintenance under section 8.054.

Hackenjos's sole issue is decided in his favor.

### III. CONCLUSION

The trial court erred when it concluded it did not have authority to extend spousal maintenance under section 8.054. The trial court's final order on alimony denying Hackenjos's motion requesting modification of the spousal maintenance order is reversed and the matter is remanded for further proceedings on the merits of Hackenjos's petition to modify court-ordered spousal maintenance.