COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-320-CV

SANDRA LYNNE ROBINSON APPELLANT

V.

CECIL WELLBORN ROBINSON, JR. APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Sandra Lynne Robinson appeals the denial of her request for 
spousal maintenance in the trial court’s final divorce decree.  In two issues, appellant argues that the trial court abused its discretion by denying her claim for spousal maintenance because she met the necessary requirements for spousal maintenance under the Texas Family Code.  We affirm.

The law relevant to this case is well settled, and the facts are well known to the parties.  

The trial court has the discretion to award spousal maintenance only if the party seeking maintenance meets specific eligibility requirements.
(footnote: 2)  Section 8.051 of the Texas Family Code provides as follows:

In a suit for dissolution of a marriage . . . the court may order maintenance for either spouse only if:

     

. . . .

     

(2) the duration of the marriage was 10 years or longer, the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse’s minimum reasonable needs . . . and the spouse seeking maintenance:

(A) is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability; [or]

. . . . 

(C) clearly lacks earning ability in the labor market adequate to provide support for the spouse’s minimum reasonable needs[.]
(footnote: 3)
 

In this case, it is undisputed that Sandra and Cecil Wellborn Robinson, Jr. were married for more than ten years.  Sandra testified that her monthly expenses exceeded her monthly income by $5 per month.  In addition, the divorce decree awarded Sandra her personal property, half of Cecil’s retirement earned during the marriage, approximately $1,700 in a Janus account, a vehicle (subject to the remaining debt thereon), and half of the net proceeds from the sale of the parties’ residence (approximately $8,339 based on evidence admitted at trial).
(footnote: 4)  Sandra also agreed to be responsible for approximately $23,507.61 of the parties’ debts.  

Sandra testified that she received social security disability income and was unemployed and unable to work due to psychological problems for which she was seeing a psychiatrist and receiving medication.  However, she did not see a psychiatrist between November 2005 and May 2006, the month before the divorce decree was signed, and one of her medications lapsed.  Further, other evidence showed that Sandra had worked in a dentist’s office for four-and-a-half years ending approximately five years before the trial and had been terminated for being late to work.  She also had previously worked for Hallmark and at an antique business.  Additionally, she was convicted of shoplifting or theft at least twice, the most recent being in April 2005.  

Based on the evidence, the trial court could have reasonably concluded that Sandra did not lack sufficient property to provide for her minimum reasonable needs, that her lack of appropriate employment was due to factors other than her psychological problems, or that she did not clearly lack earning ability in the labor market adequate to provide for her minimum reasonable needs.
(footnote: 5)  Accordingly, we hold that the trial court did not abuse its discretion by denying Sandra’s request for spousal maintenance.
(footnote: 6)  We overrule appellant’s issues and affirm the trial court’s judgment. 
 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  July 26, 2007 
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Crane v. Crane
, 188 S.W.3d 276, 278 (Tex. App.—Fort Worth 2006, pet. denied); 
Pickens v. Pickens
, 62 S.W.3d 212, 214–15 (Tex. App.—Dallas 2001, pet. denied).

3:
Tex. Fam. Code Ann.
 § 8.051 (Vernon 2006).

4:
The balance of the mortgage five months before the divorce was $47,322, and Cecil testified that the house was valued at approximately $64,000. 

5:
See 
Tex. Fam. Code Ann.
 §
 8.051(2).

6:
See Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241–42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986) (setting out abuse of discretion standard of review).