COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-320-CV

 

 

SANDRA LYNNE ROBINSON                                                  APPELLANT

 

                                                   V.

 

CECIL WELLBORN ROBINSON, JR.                                            APPELLEE

 

                                              ------------

 

           FROM
THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Sandra Lynne Robinson appeals
the denial of her request for spousal maintenance in the trial court=s final divorce decree.  In two
issues, appellant argues that the trial court abused its discretion by denying
her claim for spousal maintenance because she met the necessary requirements
for spousal maintenance under the Texas Family Code.  We affirm.








The law relevant to this case
is well settled, and the facts are well known to the parties.  

The trial court has the
discretion to award spousal maintenance only if the party seeking maintenance
meets specific eligibility requirements.[2]  Section 8.051 of the Texas Family Code
provides as follows:

In a
suit for dissolution of a marriage . . . the court may order maintenance for
either spouse only if:

     

. . .
.

     

(2)
the duration of the marriage was 10 years or longer, the spouse seeking
maintenance lacks sufficient property, including property distributed to the
spouse under this code, to provide for the spouse=s
minimum reasonable needs . . . and the spouse seeking maintenance:

 

(A)
is unable to support himself or herself through appropriate employment because
of an incapacitating physical or mental disability; [or]

 

. . . . 

 

(C)
clearly lacks earning ability in the labor market adequate to provide support
for the spouse=s
minimum reasonable needs[.][3]

 








In this case, it is
undisputed that Sandra and Cecil Wellborn Robinson, Jr. were married for more
than ten years.  Sandra testified that
her monthly expenses exceeded her monthly income by $5 per month.  In addition, the divorce decree awarded
Sandra her personal property, half of Cecil=s retirement earned during the marriage, approximately $1,700 in a
Janus account, a vehicle (subject to the remaining debt thereon), and half of
the net proceeds from the sale of the parties= residence (approximately $8,339 based on evidence admitted at trial).[4]  Sandra also agreed to be responsible for
approximately $23,507.61 of the parties= debts.  








Sandra testified that she
received social security disability income and was unemployed and unable to
work due to psychological problems for which she was seeing a psychiatrist and
receiving medication.  However, she did
not see a psychiatrist between November 2005 and May 2006, the month before the
divorce decree was signed, and one of her medications lapsed.  Further, other evidence showed that Sandra
had worked in a dentist=s office for
four-and-a-half years ending approximately five years before the trial and had
been terminated for being late to work. 
She also had previously worked for Hallmark and at an antique
business.  Additionally, she was
convicted of shoplifting or theft at least twice, the most recent being in
April 2005.  

Based on the evidence, the
trial court could have reasonably concluded that Sandra did not lack sufficient
property to provide for her minimum reasonable needs, that her lack of
appropriate employment was due to factors other than her psychological
problems, or that she did not clearly lack earning ability in the labor market
adequate to provide for her minimum reasonable needs.[5]  Accordingly, we hold that the trial court did
not abuse its discretion by denying Sandra=s request for spousal maintenance.[6]  We overrule appellant=s issues and affirm the trial court=s judgment.                                                      

 

PER CURIAM

PANEL A: 
CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: 
July 26, 2007                                  











[1]See Tex. R. App. P. 47.4.





[2]Crane
v. Crane, 188 S.W.3d 276, 278 (Tex. App.CFort
Worth 2006, pet. denied); Pickens v. Pickens, 62 S.W.3d 212, 214B15
(Tex. App.CDallas
2001, pet. denied).





[3]Tex. Fam. Code Ann. '
8.051 (Vernon 2006).





[4]The
balance of the mortgage five months before the divorce was $47,322, and Cecil
testified that the house was valued at approximately $64,000. 





[5]See Tex. Fam. Code Ann. '
8.051(2).





[6]See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986) (setting out abuse of
discretion standard of review).