**Zoila TELLEZ, Appellant,**

v.

**Benigno TELLEZ, Appellee.**

**No. 05–09–01139–CV.**

Court of Appeals of Texas, Dallas.

July 12, 2011.

John Thomas Wilson, Michael H. Myers, Lishel M. Bautista, Myers Wilson, P.C., Dallas, TX, for Appellant.

Benigno Tellez, Plano, TX, pro se.

Before Justices MARTIN RICHTER, LANG, and FILLMORE.

## OPINION

Opinion By Justice MARTIN RICHTER.

Zoila Tellez ("Wife") appeals from a final decree of divorce requiring Benigno Tellez ("Husband") to pay spousal maintenance. In two issues, Wife complains the trial court abused its discretion in determining the amount and duration of the spousal maintenance award. Concluding Wife's arguments are without merit, we affirm the trial court's judgment.

## Background

The trial court signed a final decree of divorce dissolving the marriage of Husband and Wife. In addition to awarding Wife seventy-two per cent of the net community assets after debt, the trial court ordered Husband to pay Wife $800 per month as spousal maintenance for a period of thirty-six months.[1] The trial court also

---

1. The award is to continue until the earliest of (1) thirty-six monthly payments; (2) death of Wife; or (3) further orders of the court affecting the spousal maintenance obligation.

signed findings of fact and conclusions of law.

### Discussion

#### Amount of Award

In her first issue, Wife asserts the trial court abused its discretion in awarding her only $800 per month in spousal maintenance. According to Wife, the monthly maintenance amount should have been $1,505.68. Husband, appearing before us pro se, essentially responds that the trial court's award is not in error. We agree with Husband.

■ We review the trial court's decision to award spousal maintenance under an abuse of discretion standard. *Yarbrough v. Yarbrough*, 151 S.W.3d 687, 690 (Tex. App.-Waco 2004, no pet.). The trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *See In re Bertram*, 981 S.W.2d 820, 826–27 (Tex.App.-Texarkana 1998, no pet.).

■ The purpose of spousal maintenance is to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 888 (Tex.App.-Dallas 2003, no pet.). A trial court may exercise its discretion and award spousal maintenance if the party seeking maintenance meets specific eligibility requirements. *See* TEX. FAM.CODE ANN. § 8.051(2) (West 2006);

*Pickens v. Pickens*, 62 S.W.3d 212, 214–15 (Tex.App.-Dallas 2001, pet. denied). When a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and cannot support himself due to an incapacitating physical or mental disability. *See* TEX. FAM.CODE ANN. § 8.051; *Pickens*, 62 S.W.3d at 215. Deciding what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. *In re Hale*, 975 S.W.2d 694, 698 (Tex.App.-Texarkana 1998, no pet.).

The crux of Wife's argument that the trial court should have awarded her $1,505.68 in spousal maintenance per month is that she requires this amount to meet her monthly expenses and Husband has "the financial capacity to pay it from his additional discretionary spending." According to Wife, the $741.82 Husband contributes to his 401(k) and stock purchase plans is "discretionary spending" that should be awarded to her in the form of additional spousal maintenance. Regardless of how Husband's spending is characterized, however, Wife fails to consider the statutory cap on the amount of maintenance a court may award. The family code provides that a court may not order maintenance that requires monthly payment "more than the lesser of (1) $2,500; or (2) 20 percent of the spouse's average monthly gross income." *See* TEX. FAM.CODE ANN. § 8.055(a) (West 2005). The trial court found, and there is no dispute that Husband's gross monthly income is $7,318. Thus, the $1,505.68 to which Wife claims she is entitled exceeds the maximum permissible award under the statute.[2]

---

**2.** Twenty percent of $7,318. is $1,463.

 Moreover, Wife's argument that $800 is insufficient to eliminate her monthly shortfall is misplaced. While courts frequently consider a petitioner's monthly expenses, income, and any shortfall in determining whether a spousal maintenance award is proper, there is no requirement that a spousal maintenance award entirely eliminate the shortfall. *See* TEX. FAM.CODE ANN. § 8.051; *see also, e.g., In re Marriage of McFarland,* 176 S.W.3d 650, 657 (Tex.App.-Texarkana 2005, no pet.) ($1531.66 monthly shortfall, award of $1,200 for two years and $800 for third year); *Deltuva,* 113 S.W.3d at 888 ($2,757 monthly shortfall; $650 per month award); *Yarbrough,* 151 S.W.3d at 692 (monthly shortfall $2,600, award $1339). Here, Wife showed monthly expenses of $2,779.94 and a net income of $1,184.26, leaving a $1,595.68 monthly shortfall. In addition to the spousal maintenance award, the trial court awarded Wife 72% of the net community assets after debt. Although Wife generally contends some of the assets she was awarded are not readily convertible into cash, on this record we cannot conclude the trial court acted arbitrarily or without reference to guiding rules and principles in determining the amount of the spousal maintenance award. Wife's first issue is overruled.

### Duration of Award

In her second issue, Wife asserts the trial court erred by not making the spousal maintenance award indefinite. The duration of a spousal maintenance order is limited by section 8.054 of the Texas Family Code. *See* TEX. FAM.CODE ANN. § 8.054 (West 2006); *Crane v. Crane,* 188 S.W.3d 276, 279 (Tex.App.-Fort Worth 2006, pet. denied). Section 8.054(a) limits a trial court's award of spousal maintenance to no more than three years. *See* TEX. FAM.CODE

ANN. 8.054(a). However, under section 8.054(b), if the spouse seeking maintenance is unable to support himself through appropriate employment because of an incapacitating physical or mental disability, the trial court may order spousal maintenance for an indefinite period of time as long as the disability continues. *See* TEX. FAM. CODE ANN. § 8.054(b).

 Wife contends she has an incapacitating physical and mental disability which prevents her from making more than a menial wage. In support of her argument for indefinite maintenance, Wife relies on our decision in *Hackenjos v. Hackenjos,* 204 S.W.3d 906, 910 (Tex.App.-Dallas 2006, no pet.) and similar decisions from our sister courts. In *Hackenjos,* we concluded the trial court had the authority to continue requiring the former wife to pay the former husband spousal maintenance. *Id.* In so concluding, we noted that the trial court may order spousal maintenance for an indefinite period when the spouse seeking maintenance has an incapacitating physical or mental disability. *Id.* at 909 (citing TEX. FAM.CODE ANN. § 8.054(b)). Wife's reliance on *Hackenjos* as persuasive in the present case, however, is misplaced. The spouse in *Hackenjos* was found to be permanently disabled. Here, the trial court did not find that Wife was disabled or incapacitated at all.

While there is no dispute that Wife has significant health issues, there was no finding of incapacity or disability. Wife testified that she has diabetes, asthma, neuropathy,[3] hypertension, allergies, and arthritis and suffers from severe depression. But Wife also testified that she did not complete an application for disability benefits after concluding she was ineligible because she is gainfully employed. To this end, Wife testified and the court

---

**3.** Nerve damage to her feet and the nerve endings of her fingers.

found that she works as a teacher's aide, and is at times also employed as a nanny. There is no indication that Wife is so employed because her alleged disability precludes other work. Indeed, in her findings of fact and conclusions of law, the trial judge noted that she had balanced the issues presented about Wife's health and education with the fact that she has been able to continue to work. Despite the testimony about Wife's illnesses, the record does not conclusively demonstrate a disability or incapacity such that Wife is unable to support herself through appropriate employment. In addition, even if a spouse is permanently disabled, extended maintenance is discretionary. *See Stewart v. Stewart*, No. 01–04–01126–CV, 2006 WL 1028391, at *3 (Tex.App.-Houston [1st Dist.] April 20, 2006, no pet.) (mem. op., not designated for publication). Thus, we cannot conclude the trial court abused its discretion in limiting the spousal maintenance award to a three year period or until such time as the court enters further orders on the award. Wife's second issue is overruled.

Having resolved all of Wife's issues against her, we affirm the trial court's judgment.