**Affirm and Opinion Filed October 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01270-CV**

**STEPHANIE ANN NOVICK, Appellant**
**V.**
**ANDREW A. SHERVIN, Appellee**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-08-13715-Y**

## OPINION

Before Justices O'Neill, FitzGerald, and Lewis
Opinion by Justice FitzGerald

When appellant Stephanie A. Novick and appellee Andrew A. Shervin got divorced, the trial judge found that Stephanie was "presently disabled" and ordered Andrew to pay her $2,000 per month for twenty-four months as spousal maintenance. As that period drew to an end, Stephanie filed a motion seeking to compel Andrew to continue paying her $2,000 per month. Andrew opposed the motion and also filed a motion to dismiss for lack of subject-matter jurisdiction. The trial judge granted Andrew's motion to dismiss. Stephanie appeals. We affirm.

# I. BACKGROUND

We recount the procedural history of the case in some detail in light of the issue raised on appeal.

Stephanie filed an Original Petition for Divorce from Andrew on July 28, 2008, by and through attorney Thomas P. Jackson. This case was assigned to the 330th Judicial District Court of Dallas County and given cause no. 08-13715. On July 30, 2008, Stephanie filed another, different Original Petition for Divorce, by and through attorney Linda Risinger. This case was also assigned to the 330th Judicial District Court, and it was given cause no. 08-13960. The July 30 petition contained a specific request for "postdivorce maintenance" under Chapter 8 of the Family Code; the July 28 petition did not. On August 4, 2008, an associate judge signed an "Order to Transfer and Consolidate" in the second-filed case, consolidating it with the first-filed case.

Andrew filed an answer. In October 2009, he filed a counter-petition for divorce. The trial judge conducted a bench trial of the matter in November 2009. On January 29, 2010, the trial judge signed a final decree of divorce. A key provision of that decree is paragraph 14, which provides as follows:

> ### *14.* *Spousal Maintenance*
>
> The Court finds that Petitioner is presently disabled and in consideration of such disability and other factors as defined in Texas Family Code chapter 8, IT IS ORDERED that ANDREW SHERVIN shall pay to STEPHANIE ANN SHERVIN as spousal maintenance two thousand dollars ($2000.00) per month for TWENTY-FOUR (24) months for a total of $48,000.00, with the first payment due on December 1, 2009 and a like payment being due and payable on the first day of each month thereafter for twenty-four (24) months, with the last payment being due November 1, 2011, unless paid in full prior to that date, with credit given to Respondent for all payments received by Petitioner on or after November 6, 2009.

On October 28, 2011, which was four days before the last payment was due under paragraph 14, Stephanie filed a motion to modify. In that motion, Stephanie asked the court to order Andrew to continue paying her spousal maintenance of $2,000 per month as long as her physical disability continued to prevent her from earning enough income to provide for her minimum reasonable needs. She also sought temporary orders to require Andrew to continue making the payments. Andrew answered. An associate judge granted Stephanie's request for temporary orders and set the motion to modify for hearing in January 2011. After a hearing, the associate judge granted Stephanie's motion to modify but reduced the amount of the monthly payment to $1,500.

Andrew filed an appeal from the associate judge's report and requested a trial de novo before the district judge. On March 20, 2012, Andrew filed a document called "Special Exceptions Subject to 'Motion to Dismiss for Lack of Subject-Matter Jurisdic[]tion.'" Therein he argued, among other things, that the divorce decree was res judicata of the issue of spousal maintenance and that the trial court lacked jurisdiction to consider Stephanie's motion to modify. Stephanie filed a response. By this time, a different trial judge was presiding over the 330th Judicial District Court. The new trial judge heard Andrew's motion to dismiss on April 26, 2012, and four days later she signed a document entitled "Rendition" in which she set forth some findings, stated that Andrew's motion to dismiss was granted, and directed Andrew to "reduce this rendition to an Order for entry within 14 days." The judge later signed an order finalizing her decision to grant Andrew's motion to dismiss. Stephanie timely filed a motion for new trial, which the trial judge denied.

Stephanie appealed.

## II. ANALYSIS

Stephanie raises one issue on appeal. She argues that the trial court erred by concluding that it lacked authority to extend the spousal maintenance awarded in the divorce decree.

### A. Standard of review

"A motion to dismiss based upon a lack of jurisdiction is the functional equivalent of a plea to the jurisdiction; both challenge the trial court's power to determine the subject matter of a claim." *Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 112 (Tex. App.—Dallas 2012, no pet.). "The existence of subject matter jurisdiction is a question of law, and we review the trial court's ruling de novo." *Id.*

### B. Applicable law

#### 1. The statutory scheme governing spousal maintenance

Chapter 8 of the Family Code governs awards of spousal maintenance. That chapter was amended in 2011, and the parties appear to assume that the 2011 amendments apply to this proceeding. The amending legislation has an effective date of September 1, 2011. Act of May 18, 2011, 82d Leg., R.S., ch. 486, § 11, 2011 Tex. Sess. Law Serv. 1239, 1243 (West). With one exception not relevant to this case, the 2011 amendments "apply only to a suit for dissolution of a marriage or proceeding for maintenance that was commenced on or after" September 1, 2011. *Id.* § 10(a)–(b), 2011 Tex. Sess. Law Serv. at 1243. In this case, the parties commenced their divorce case before September 1, 2011, but Stephanie filed her motion to modify the maintenance provision of the divorce decree after September 1, 2011. In her motion to modify, Stephanie sought an award of maintenance that she was not entitled to under the terms of the divorce decree. The docket sheet shows that Stephanie caused the court to issue citation in conjunction with her motion to modify, and that Andrew was served with citation a few days later. We conclude that Stephanie's motion to modify amounted to a "proceeding for

–4–

maintenance" within the meaning of section 10(a) of the amending legislation, and thus that the 2011 amendments apply to this proceeding. The prior law governed the original spousal-maintenance order, so we will refer to the prior law to the extent it bears on the issues raised in this appeal.

A trial judge can award spousal maintenance in a divorce proceeding if the party seeking maintenance meets specific eligibility requirements. *Hackenjos v. Hackenjos*, 204 S.W.3d 906, 908 (Tex. App.—Dallas 2006, no pet.); *see also* TEX. FAM. CODE ANN. § 8.051 (West Supp. 2012) ("Eligibility for Maintenance; Court Order"). Under the statute in effect when the trial judge signed the divorce decree, a trial judge could award spousal maintenance if (1) the duration of the marriage was ten years or longer, (2) the spouse seeking maintenance lacked sufficient property to provide for her minimum reasonable needs, and (3) the spouse seeking maintenance (A) could not support herself because of an incapacitating physical or mental disability, or (B) was a custodian of a disabled child of the marriage whose needs made it necessary for the spouse not to be employed outside the home, or (C) clearly lacked earning ability in the labor market adequate to provide for her minimum reasonable needs. Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 1, 2005 Tex. Gen. Laws 3146, 3146 (amended 2011) (current version at TEX. FAM. CODE ANN. § 8.051 (West Supp. 2012)). In determining the amount and duration of maintenance payments, the trial judge was to consider all relevant factors, include Stephanie's "age, employment history, earning ability, and physical and emotional condition." TEX. FAM. CODE ANN. § 8.052(4) (West Supp. 2012) (unchanged from pre-2011 version of statute).

Section 8.054 further governs and limits the duration of maintenance orders. *See generally* TEX. FAM. CODE ANN. § 8.054 (West Supp. 2012); *Hackenjos*, 204 S.W.3d at 909. At the time the judge signed the instant divorce decree, section 8.054(a) imposed a general rule that

a trial court could not order spousal maintenance for a period longer than three years. Act of May 22, 2001, 77th Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576 (amended 2011) (current version at TEX. FAM. CODE ANN. § 8.054 (West Supp. 2012)). The version of section 8.054(b) then in effect provided an exception to the general rule as follows:

> If a spouse seeking maintenance is unable to support himself or herself through appropriate employment because the spouse has an incapacitating physical or mental disability . . . , the court may order maintenance for as long as the disability continues. The court may order periodic review of its order, on the request of either party or on its own motion, to determine whether the disability continues to render the spouse unable to support himself or herself through appropriate employment. The continuation of spousal maintenance under these circumstances is subject to a motion to modify as provided by Section 8.057.

Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 1, 2005 Tex. Gen. Laws 3146, 3147 (amended 2011) (current version at TEX. FAM. CODE ANN. § 8.054 (West Supp. 2012)). That part of section 8.054 was amended in 2011 and now provides as follows:

> (b) The court may order maintenance for a spouse to whom Section 8.051(2)(A) or (C) applies for as long as the spouse continues to satisfy the eligibility criteria prescribed by the applicable provision.

> (c) On the request of either party or on the court's own motion, the court may order the periodic review of its order for maintenance under Subsection (b).

> (d) The continuation of maintenance ordered under Subsection (b) is subject to a motion to modify as provided by Section 8.057.

TEX. FAM. CODE ANN. § 8.054(b)–(d). Section 8.057, concerning motions to modify the amount of previously ordered spousal maintenance, is not relevant in this case. Current section 8.051(2)(A) prescribes, as one possible eligibility criterion, that a spouse may be granted maintenance if the spouse "is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability." *Id*. § 8.051(2)(A).

## 2. Judicial interpretations of Chapter 8 as it relates to motions to continue spousal maintenance

The question presented in this case is whether the trial court had jurisdiction to consider Stephanie's motion to modify, which was in substance a motion to continue maintenance beyond the court-ordered termination date. The statutes do not clearly address either the propriety of a motion to continue spousal maintenance beyond a court-ordered termination date or the jurisdiction of the trial court to entertain such a motion when it is filed so long after the signing of the original maintenance order that all postjudgment deadlines have expired.

We touched on these issues in the factually similar *Hackenjos* case. In the final divorce decree in that case, the trial court found that the ex-husband was permanently disabled, awarded him spousal maintenance for three years, and placed the burden on him to seek continuation of maintenance beyond the three-year limit. 204 S.W.3d at 908. Like Stephanie, the ex-husband in *Hackenjos* filed a motion to continue maintenance shortly before the expiration of the term set in the divorce decree. *Id.* Like the trial judge in this case, the trial judge in *Hackenjos* denied the ex-husband's motion on the ground that the trial court lacked authority to grant the motion. *Id.* The ex-husband appealed. Construing the pre-2011 version of Chapter 8 of the Family Code, we said, "the language of the divorce decree controls whether a party may file a motion to continue maintenance." *Id.* at 909. If the award of maintenance is based on section 8.054(b), which permitted (and still permits) an award of indefinite duration based on either the spouse's or a child's disability, then a motion to continue maintenance is permitted, and the trial court has authority to consider it. *See id.* at 909–10. We implied that a motion to continue maintenance would be improper, and that the trial court would lack authority to consider such a motion, if the award of maintenance were made under section 8.054(a), which then imposed a three-year time limit. *See id.* at 909 ("First, we must determine whether the trial court ordered spousal

–7–

maintenance pursuant to section 8.054(a) or (b)."). Considering the language of the maintenance order in the divorce decree, we held that the order had been rendered under section 8.054(b), notwithstanding the specific time limit imposed in the order, because of the finding that the ex-husband was permanently disabled and because of the provision that ex-husband would have the burden of moving to continue the spousal maintenance. *Id*. at 910. Accordingly, we held that the trial court had the authority to consider the motion to continue maintenance, and we reversed the denial of the motion and remanded for further proceedings. *Id*.

The Austin Court of Appeals recently applied a similar test, although it did so under the rubric of res judicata rather than the trial court's jurisdiction or "authority" to consider a motion to continue spousal maintenance. In *O'Carolan v. Hopper*, the original divorce decree became final in the year 2000, and the trial court awarded ex-wife O'Carolan spousal maintenance for twenty-four months. No. 03-10-00407-CV, 2013 WL 5477469, at *1 (Tex. App.—Austin Sept. 27, 2013, no pet. h.). O'Carolan appealed, and the court of appeals reversed in 2002 for a new property division. *Id*. at *2. On remand, O'Carolan filed a request to continue the spousal maintenance on account of her continuing disability. *Id*. at *2, 10–12. The trial court granted summary judgment against O'Carolan on res judicata grounds, *id*. at *11–12, and she appealed. The court of appeals agreed with ex-husband Hopper that O'Carolan was not eligible for an extension of spousal maintenance because the terms of the divorce decree did not show that the trial court intended for the award of maintenance to be subject to continuation under section 8.054(b). *Id*. at *14. Specifically, the divorce decree awarded O'Carolan maintenance for only two years (within the section 8.054(a) maximum), the trial judge made no finding that O'Carolan suffered from an incapacitating physical or mental disability as required by former section 8.054(b), and the trial judge did not include a term providing for future review of the award

under section 8.054 for possible continuation. *Id.* In light of these facts, plus the fact that the original divorce decree awarded O'Carolan only maintenance in lieu of a community-property award, the court of appeals held that the divorce decree was not eligible to be continued, and it constituted res judicata of the issue of spousal maintenance. *Id.* at *15.

A few other cases support the proposition that an award of spousal maintenance is subject to continuation by motion if the decree affirmatively shows that the judge intends for the award to be subject to continuation under section 8.054(b). In *Carlin v. Carlin*, the divorce decree contained an award of maintenance to the ex-wife for a period of three years, "unless [she] continues to be unable to support herself at appropriate employment because of the incapacitating physical disability which the Court finds she is subject to." 92 S.W.3d 902, 903 (Tex. App.—Beaumont 2002, no pet.). Based on the quoted proviso in the decree, the court of appeals treated the ex-wife's "Motion For Extension Of Alimony" as a proper request for continuation of maintenance under section 8.054(b), although it ultimately held that she had failed to introduce sufficient evidence to support an award of continued maintenance. *Id.* at 904–05, 911; *see also Dunn v. Dunn*, 177 S.W.3d 393, 395–97 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (concerning divorce decree that awarded spousal maintenance for only six months but apparently mentioned section 8.054(b) specifically as the basis for the maintenance award). In *Crane v. Crane*, the court of appeals held that an award of spousal maintenance for over three years was implicitly based on section 8.054(b) because section 8.054(a) imposed a maximum limit of three years. 188 S.W.3d 276, 281 (Tex. App.—Fort Worth 2006, pet denied).

From these cases, then, we can glean the following rules. An award of spousal maintenance in a divorce decree is properly the subject of a motion for continuation only if the decree indicates that the trial judge intended to make the award pursuant to section 8.054(b)

–9–

rather than section 8.054(a). *See O'Carolan*, 2013 WL 5477469, at *14–15; *Hackenjos*, 204 S.W.3d at 909–10. The necessary intent can be shown by a specific finding of disability plus a provision that the beneficiary of the award has the burden of seeking continuation of maintenance beyond a court-ordered termination date. *See Hackenjos*, 204 S.W.3d at 910; *Carlin*, 92 S.W.3d at 903. The necessary intent can also be shown by a specific reference to section 8.054(b), *see Dunn*, 177 S.W.3d at 395, or by the fact that the award exceeds the maximum duration permitted by section 8.054(a), *see Crane*, 188 S.W.3d at 281. But an award that is within the maximum duration permitted by section 8.054(a), that does not refer to section 8.054(b), and that is accompanied by neither a finding of disability nor a provision for future review or continuance is presumed to be made under section 8.054(a) and is not subject to extension.[1] *See O'Carolan*, 2013 WL 5477469, at *15.

Finally, we have reviewed the 2011 amendments to section 8.054, and we conclude that those amendments do not change the rules established in these cases. *See generally* TEX. FAM. CODE ANN. § 8.054. Section 8.054(a) still prescribes absolute time limits for spousal maintenance orders, "[e]xcept as provided by Subsection (b)." *Id.* § 8.054(a). Section 8.054(b) still provides that a trial court may order maintenance for an indefinite duration lasting as long as the beneficiary spouse suffers from an incapacitating physical or mental disability or is the custodian of a disabled child of the marriage such that the spouse cannot support himself or herself. *See id.* §§ 8.054(b), 8.051(2). New section 8.054(c) now contains former section 8.054(b)'s authorization for the trial court to consider a party's request for a "periodic review" of a maintenance order "under Subsection (b)." *Id.* § 8.054(c). In short, the essential elements of

---

[1] Although the Austin Court of Appeals characterized the bar as the affirmative defense of res judicata, *O'Carolan*, 2013 WL 5477469, at *15, we have indicated that this bar to extension affects the trial court's authority to entertain a motion to continue maintenance, *Hackenjos*, 204 S.W.3d at 910.

the statutory scheme supporting the cases discussed above remain in place after the 2011 amendments, and those cases remain good law.

## C.    Application of the law to the facts

We next examine the award of spousal maintenance in the divorce decree to ascertain whether the trial judge intended to make that award under section 8.054(a), thus making the award not eligible for extension, or under section 8.054(b), which would make the award eligible for extension. *See Hackenjos*, 204 S.W.3d at 909.

Under the version of section 8.054(b) in effect at the time the trial judge signed the divorce decree, spousal support for an indefinite period could be awarded if the spouse suffered from "an incapacitating physical or mental disability." Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147 (amended 2011) (current version at TEX. FAM. CODE ANN. § 8.054 (West Supp. 2012)). In this case, the trial judge who signed the divorce decree found that Stephanie was "presently disabled" but did not find that her disability was "incapacitating." The trial judge who granted Andrew's motion to dismiss relied on this omission as support for her conclusion that she did not have jurisdiction to consider Stephanie's motion to continue the spousal-maintenance payments. We agree that the language of the disability finding, standing alone, does not show that the original trial judge awarded Stephanie spousal maintenance under section 8.054(b). The judge's finding that Stephanie was "presently disabled" could indicate that the judge was considering and relying in part on Stephanie's "physical and emotional condition" under section 8.052(4), or it could be a reference to section 8.054(a)(2)(A). A finding of present disability rather than "incapacitating" disability, without more, does not show an intent to award maintenance under section 8.054(b).

Other factors also support the trial judge's interpretation of the original spousal-maintenance order. If the spousal-maintenance order had been for an indefinite period or for a

–11–

period longer than three years, this fact would have tended to show that the original trial judge was acting under section 8.054(b) rather than section 8.054(a). *See Crane*, 188 S.W.3d at 281. But the order did not contain such terms. Instead, the spousal-maintenance order was for a definite term of two years, which was less than the maximum duration permitted by section 8.054(a). The original trial judge could have signaled an intention to act under section 8.054(b) by including a provision expressly recognizing Stephanie's right or obligation to file a motion to continue maintenance if she believed she qualified for such a continuation. *See Hackenjos*, 204 S.W.3d at 910; *Carlin*, 92 S.W.3d at 903. But the judge did not include such a provision. On its face, the award of spousal maintenance ends after twenty-four months, and it contains no provision expressly recognizing a possibility of extension.

In sum, the only part of the spousal-maintenance order that suggests the trial judge might have been proceeding under section 8.054(b) is the finding that Stephanie was "presently disabled" at the time. Stephanie relies on *In re Brunin*, No. 04-04-00893-CV, 2005 WL 839531 (Tex. App.—San Antonio Apr. 13, 2005, orig. proceeding) (mem. op.), for the proposition that the Family Code does not require an express finding of incapacitating disability in a spousal-maintenance order to qualify for potential continuation under section 8.054(b). Although this is true, there must be some indication in the order that the trial judge intends to make the order under section 8.054(b) beyond a finding that the beneficiary spouse is "presently disabled." In *Brunin*, for example, the original maintenance order expressly provided that the beneficiary spouse could move for continuation at the end of the two-year term that was awarded. *Id*. at *1. The order in the instant case contains no such provision.

Based on the language of the spousal-maintenance order as a whole, we conclude that the trial judge correctly construed the order as an award of maintenance under section 8.054(a).

–12–

Accordingly, the award was not eligible to be continued under section 8.054(b), and the trial judge properly granted Andrew's motion.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.


121270F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHANIE ANN NOVICK, Appellant

No. 05-12-01270-CV     V.

ANDREW A. SHERVIN, Appellee

On Appeal from the 330th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-08-13715-Y.
Opinion delivered by Justice FitzGerald.
Justice O'Neill and Justice Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Andrew A. Shervin recover his costs of this appeal from appellant Stephanie Ann Novick.

Judgment entered October 23, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE