# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00010-CV

**Colleen Dickinson, Appellant**

**v.**

**Bruce Dana Hardesty, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-FM-13-006978, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Colleen Dickinson contends that the trial court erred by not awarding her spousal maintenance from Bruce Dana Hardesty. We will affirm the judgment.

We review the trial court's decision on whether to award spousal maintenance under an abuse of discretion standard. *Tellez v. Tellez*, 345 S.W.3d 689, 691 (Tex. App.—Dallas 2011, no pet.). The trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Tellez*, 345 S.W.3d at 691. An award of spousal maintenance is discretionary for the court if the spouse meets threshold criteria, including those under which Dickinson sought maintenance:[1]

---

[1] There was no written pleading for maintenance, but the parties plainly tried the issue by consent.

> [T]he court *may* order maintenance for either spouse *only if* the spouse seeking maintenance will *lack sufficient property*, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's minimum reasonable needs *and*:
>
> . . .
>
> > (2) the spouse seeking maintenance:
> > > (A) is *unable to earn sufficient income* to provide for the spouse's *minimum reasonable needs* because of an *incapacitating* physical or mental disability;

Tex. Fam. Code § 8.051 (emphases added).

Hardesty testified that Dickinson was receiving disability payments before they married in 2010. Dickinson testified that she had lupus hypertension arrhythmia and that she was able to work when they married because her condition was then under control. Shortly after they married, Hardesty was diagnosed with throat cancer.[2] Dickinson testified that she quit working during the marriage to take care of her parents and then Hardesty when he was diagnosed with cancer. Hardesty testified that Dickinson and her brother tried to manage his veterinary practice. He testified about his income, including investments and other income, and his impending tax debt due to his brother-in-law's alleged underreporting of Hardesty's income in previous years. Hardesty also had issues with the Internal Revenue Service from pre-marriage conduct.

Hardesty testified that Dickinson was seeking work when they separated near the end of 2013, but Dickinson testified that at the time of trial her doctors would not let her work. She said that she was suffering night sweats, improper sleep, and swollen ankles and wrists. Dickinson testified that she received $814 per month in social-security payments and food stamps and, based

---

[2] He was in remission at trial.

on her income, lived in Section 8 housing for $142 per month. She asserted that she quit working to take care of Hardesty when he had cancer in exchange for his promise that he would take care of her when he regained his health. She testified that he did not pay her for her work at the veterinary clinic and hid farm income from her. She also claimed $100,000 in damages due to his alleged assault and battery to compensate her for counseling and medications. There was evidence that the maximum spousal maintenance award for Dickinson based on Hardesty's income was $1,667 per month. Dickinson testified that if the court awarded her spousal maintenance she might lose some or all of her governmental supplement payments totaling $1,482 per month.

The trial court granted the divorce, denied the assault and fraud claims, divided the assets (granting Dickinson the larger share of the community portion of Hardesty's retirement accounts), and denied spousal maintenance. No findings of fact or conclusions of law were filed.

The trial court heard the evidence and exercised its discretion. Dickinson indicates that the trial court improperly considered the existence of her disability when the marriage began and the three-year duration of the marriage as a reason not to find Hardesty liable to provide her spousal maintenance. Although those issues were discussed during closing argument, the trial court did not state them as a basis for the final decision either orally or in the written divorce decree. The court may have decided that the larger share of community property, combined with her subsidies and potential for work income, provided enough for Dickinson to provide for her minimum reasonable needs. Dickinson has not shown that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. We find no abuse of discretion in the denial of spousal maintenance payments. *See Tellez*, 345 S.W.3d at 691; *see also Robinson*, 923 S.W.2d at 558.

3

We affirm the divorce decree.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   May 25, 2016