**AFFIRM; and Opinion Filed March 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00378-CV

### IN RE: TODD PRUETT

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07463**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

Todd Pruett, pro se, appeals the trial court's judgment dismissing his lawsuit against Judge Mark Stoltz and Judge Susan Hawk for want of jurisdiction. In five issues, Pruett contends the trial court erred in not allowing him to be physically present at the hearing on the motion to dismiss, and contends Judges Stoltz and Hawk were not entitled to judicial immunity because they acted outside their judicial capacities. We affirm the trial court's judgment.

This case started out as two separate lawsuits in two different courts, arising out of the criminal prosecution of Pruett in Judge Stoltz's court for the offense of retaliation. It is unclear exactly what role Judge Hawk played in Pruett's criminal case. He asserts she was "part of the procedural case and verdict." In April 2011, Pruett was found not guilty by reason of insanity and committed for inpatient mental health services.

In July 2012, Pruett sued Judge Stoltz and two public defenders in the 193rd Judicial District Court. Pruett's pleadings alleged that he sent a public defender legal documents that

could exonerate him. According to Pruett, he asked the public defender to make copies and return the documents to him. When he did not receive them back, he asked Judge Stoltz and the Chief Public Defender to help him retrieve the documents. He sought relief in the form of an injunction to find the documents and return them and monetary damages for the negligent loss of the documents.

In August 2012, Pruett sued Judges Stoltz and Hawk and others involved in his criminal case in the 160th Judicial District Court. Pruett alleged that Judge Stoltz, conspiring with Judge Hawk, ordered an evaluation of his competency. The judges allegedly provided the doctor making the evaluation with old evidence and evidence that had been tampered with. Further, Pruett complained that he did not consent to the psychological exam and that he had asked for an attorney. Pruett contended the doctor falsified the resulting report and that Judges Stoltz and Hawk knew about the "illegal psychiatric evaluation but have done nothing about it." Pruett sought an injunction to remove him from the jurisdiction of Judges Stoltz and Hawk. He also sought monetary damages, alleging negligence, fraud, and conspiracy.

On September 12, 2012, Judges Stoltz and Hawk filed a joint motion to dismiss the case in the 160th district court for lack of subject matter jurisdiction. They asserted they were entitled to judicial immunity. One week later, upon a motion filed by Pruett, the 193rd district court transferred Pruett's case pending in the 160th district court to the 193rd and consolidated it with the above-numbered cause.[1]

In February 2013, the trial court held a hearing on the judges' motion to dismiss. Pruett, who was in a state hospital, participated in the hearing via telephone. After the hearing, the trial

---

[1] Before the consolidation, Judge Stoltz also filed a motion to dismiss in the 193rd district court for lack of subject matter jurisdiction. The trial court signed an interlocutory judgment on August 21, 2012 granting that motion.

court granted Judges Stoltz and Hawk's motion to dismiss and later severed Pruett's claims against them from the remainder of the case. This appeal followed.

In his first issue, Pruett contends that the trial court erred in not allowing him to appear in person at the hearing on the motion to dismiss. In October 2012, while in Terrell State Hospital, Pruett filed a motion seeking a bench warrant because he "will be needed for hearings." The trial court denied the motion because it did not specify a particular hearing at which Pruett needed to be present and no hearings were pending. In November, Pruett sought and was denied another bench warrant to be present at a hearing on a motion involving another defendant.

We liken Pruett's situation to that of an inmate seeking a bench warrant from prison. An inmate does not have an absolute right to appear in person in every proceeding in a civil case, but he may not be denied reasonable access to the courts. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003); *In re D.S.*, 333 S.W.3d 379, 387 (Tex. App.—Amarillo 2011, no pet.). A prisoner requesting a bench warrant must justify the need for his presence. *In re D.S.*, 333 S.W.3d at 387. If a court determines a pro se inmate in a civil suit may not appear personally, it may allow the inmate to appear by telephone, affidavit, or deposition. *Id.* We review the trial court's decision to conduct a proceeding without issuing a bench warrant for an abuse of discretion. *See In re Z.L.T.*, 124 S.W.3d at 165.

Here, the record does not contain any request by Pruett for a bench warrant to attend the hearing on the judges' motion to dismiss. So the record does not show that Pruett asked to be present at the hearing or justified the need for his presence. He did participate via telephone. Under these circumstances, we conclude the trial court did not abuse its discretion by not issuing a bench warrant so Pruett could attend the hearing on the motion to dismiss. We resolve Pruett's first issue against him.

In his remaining four issues, Pruett complains of various actions Judge Stoltz and Judge Hawk took in his underlying criminal case he alleges were outside of their judicial capacities. Thus, he contends the judges were not entitled to judicial immunity. *See In re N.E.B.*, 251 S.W.3d 211, 211 (Tex. App.—Dallas 2008, no pet.) (pro se pleadings and briefs are liberally construed).

The judges' motion to dismiss for lack of jurisdiction is the functional equivalent of a plea to the jurisdiction. *Novick v. Shervin*, 412 S.W.3d 825, 827 (Tex. App.—Dallas 2013, no pet.). The existence of subject matter jurisdiction is a question of law, and we review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

Judges are absolutely immune from liability for judicial acts that are not performed in the clear absence of all jurisdiction, no matter how erroneous the act or how evil the motive. *See Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961); *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Judicial immunity is only overcome for actions that are nonjudicial, *i.e.*, not taken in the judge's official capacity or taken in the complete absence of all jurisdiction. *Twilligear*, 148 S.W.3d at 504. Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts. *Id.* at 504-05.

After reviewing the allegations in Pruett's pleadings, we conclude he complains of purely judicial acts taken by Judges Stoltz and Hawk. His complaints include allegations the judges committed various errors affecting his criminal trial and subsequent commitment. Judges Stoltz and Hawk are entitled to judicial immunity for the alleged actions. Accordingly, Pruett has not shown the trial court erred in granting the judges' motion to dismiss. To the extent Pruett complains of rulings and actions taken by the judges in the underlying criminal case, rather than the trial court's dismissal order, these matters involve the merits of Pruett's lawsuit and are not

properly before us in an appeal from a motion to dismiss for lack of jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We resolve issues two through five against Pruett.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

130378F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE: TODD PRUETT

No. 05-13-00378-CV

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-07463.
Opinion delivered by Justice Brown.
Justices Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Judge Mark Stoltz and Judge Susan Hawk recover their costs of this appeal, if any, from appellant Todd Pruett.

Judgment entered this 14th day of March, 2014.

/Ada Brown/

ADA BROWN
JUSTICE