**Affirmed and Opinion Filed July 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01104-CV

### RANDY L. WINEINGER, IN HIS CAPACITY AS HUNT COUNTY TAX ASSESSOR-COLLECTOR, Appellant
### V.
### Z BAR A RANCH, LP AND JAMES ALLEN WALKER, Appellees

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 80,762**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Schenck

Randy L. Wineinger, in his capacity as Hunt County Tax Assessor-Collector, ("Mr. Wineinger") appeals the trial court's order denying his motion to dismiss the petition filed by Z Bar A Ranch, LP ("Z Bar") for lack of jurisdiction. Mr. Wineinger argues the trial court erred in denying his motion because Mr. Wineinger has immunity from suit as a government official, Z Bar's declaratory-judgment claim does not invoke a waiver of immunity, and Z Bar failed to establish jurisdiction or prove Mr. Wineinger waived immunity from suit. We affirm the trial court's order denying Mr. Wineinger's motion to dismiss for lack of jurisdiction.[1] Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] Mr. Wineinger's motion also sought to dismiss cross-claims filed against him by James Allen Walker ("Mr. Walker"). Since Mr. Wineinger filed his notice of appeal, Mr. Walker dismissed his cross-claims against Mr. Wineinger. We therefore do not address Mr.

## FACTUAL & PROCEDURAL BACKGROUND

The underlying case arises from two separate purchases of real property, although the parties dispute whether the same piece of real property was sold twice or whether the two purchasers bought two different pieces of real property. On December 9, 2013, Z Bar purchased real property from the Hunt County Tax Assessor-Collector's Office ("TAC") pursuant to section 34.05 of the Texas Tax Code. TEX. TAX CODE ANN. § 34.05 (West 2015). Z Bar paid by check, noting it was for the purchase of "200 N Fifth St/Acct#52487," but the purchase document issued by the TAC stated Z Bar purchased real property described as "N. Fifth St. . . . Property Acct # 52487." Then, on January 17, 2014, James Allen Walker ("Mr. Walker) purchased real property from the TAC at a tax auction pursuant to section 34.01 of the tax code. *Id.* § 34.01. Mr. Walker's receipt described the real property as 200 N. Fifth Street and included the property-account number 74149.[2]

Believing it was the owner of the real property located at 200 N. Fifth Street, Z Bar made improvements on the property, beginning the day after purchase and continuing through the end of May 2014. At the end of January 2014, Z Bar received a deed from the TAC containing a legal description without a street address. At the end of February 2014, the TAC issued a deed to Mr. Walker. On May 23, 2014, Mr. Walker contacted the principal of Z Bar to inform her that he was the owner of the real property located at 200 N. Fifth Street, to which she responded by asserting Z Bar's ownership and her intention to seek recovery for the substantial improvements Z Bar had made on the property if necessary.

---

Wineinger's arguments and issue raised against Mr. Walker and leave the portion of the trial court's order concerning Mr. Walker's cross-claims undisturbed.

[2] These undisputed facts were obtained from Mr. Walker's pleadings since the record contains no other documents to support these facts, such as a copy of the check he paid to the TAC, the receipt he references in his pleadings, or the property deed.

On May 30, 2014, Z Bar filed its petition against Mr. Wineinger in his official capacity as Hunt County Tax Assessor-Collector and against Mr. Walker, asserting declaratory-judgment claims against both defendants, as well as claims for trespass to try title and, alternatively, seeking equitable recovery from Mr. Walker for the improvements Z Bar had made to the property. Mr. Walker filed cross-claims against Mr. Wineinger in his official capacity as Hunt County Tax Assessor-Collector. Mr. Wineinger filed his Motion to Dismiss for Lack of Jurisdiction, and Special Exceptions to Plaintiff's Petition and Defendant Mr. Walker's Cross-Claim, in which Mr. Wineinger asserted he had governmental immunity and that both Z Bar's and Mr. Walker's pleadings had affirmatively negated the existence of jurisdiction. In addition, Mr. Wineinger requested the trial court dismiss all claims against him without allowing either party an opportunity to amend, and with prejudice to refiling. The trial court conducted a hearing on Mr. Wineinger's motion to dismiss and special exceptions and later entered an order denying the motion to dismiss for lack of jurisdiction, without ruling on the special exceptions. Mr. Wineinger timely filed this interlocutory appeal of the trial court's order.

## DISCUSSION

### I.   STANDARD OF REVIEW

A motion to dismiss based upon a lack of jurisdiction is the functional equivalent of a plea to the jurisdiction; both challenge the trial court's power to determine the subject matter of a claim. *Novick v. Shervin*, 412 S.W.3d 825, 827 (Tex. App.—Dallas 2013, no pet.); *see also Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 866–67 (Tex. 2001) (treating a party's "motion to dismiss for lack of jurisdiction based on sovereign immunity" as a plea to the jurisdiction for the purpose of review on interlocutory appeal). The existence of subject-matter jurisdiction is a question of law, and we review an order denying a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004).

A plea to the jurisdiction can challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *See id.* At 226–28. Mr. Wineinger did not adduce any evidence to support his pleas to the jurisdiction, so the instant case involves a challenge to the sufficiency of Z Bar's pleadings. As the claimant, Z Bar bears the burden of pleading facts that affirmatively demonstrate that governmental immunity has been waived and that the court has subject-matter jurisdiction. *See City of Dallas v. Turley,* 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied). We construe the pleadings in the claimant's favor and look to the pleader's intent. *Miranda,* 133 S.W.3d at 226. If the pleadings do not contain enough facts to demonstrate the propriety of jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the claimant should be afforded the opportunity to amend. *Id.* at 226–27. This opportunity shall be given after a court determines that the pleadings are insufficient. *Lazarides v. Farris,* 367 S.W.3d 788, 803–04 (Tex. App.—Houston [14th Dist.] 2012, no pet.). But if the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without giving the claimant an opportunity to amend. *Miranda,* 133 S.W.3d at 227.

II.   APPLICABLE LAW

Sovereign immunity protects the State from lawsuits for money damages. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369 (Tex. 2009). Political subdivisions of the State are entitled to such immunity—referred to as governmental immunity—unless it has been waived. *Id.* at 369–70. However, an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars. *Id.* at 370.

Z Bar sought relief against Mr. Wineinger under the Texas Declaratory Judgments Act, which is a remedial statute designed to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN.

§ 37.002(b) (West 2016). The Act provides that a person "whose rights . . . are affected by a statute, ordinance, contract, or franchise may . . . obtain a declaration of rights . . . thereunder." *Id.* § 37.004(a). It is well settled that private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages as a declaratory-judgment claim. *Heinrich*, 284 S.W.3d at 371. However, the Texas Supreme Court has distinguished permissible declaratory-judgment suits against state officials. *Id.* at 371–72. Suits for declaratory or injunctive relief against a state official to compel compliance with statutory or constitutional provisions are not suits against the State, even if a declaration to that effect compels the payment of money. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 393 (Tex. 2011); *Heinrich*, 284 S.W.3d at 372. Such a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 372. Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Sw. Bell Telephone, L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). Discretionary acts, on the other hand, require the exercise of judgment and personal deliberation. *Id.*

### III. APPLICATION OF LAW TO FACTS

On appeal, Mr. Wineinger argues the trial court erred in denying his plea to the jurisdiction because Mr. Wineinger has governmental immunity, Z Bar's declaratory-judgment claim does not waive that immunity, and Z Bar failed to establish jurisdiction or prove that Mr. Wineinger waived his immunity from suit. Z Bar counters that Mr. Wineinger does not have immunity from suit because its claims pertain to Mr. Wineinger's performance of a ministerial duty, namely whether he presented Z Bar with the correct deed to memorialize the transaction. Z Bar further avers its declaratory-judgment claim does not invoke sovereign or governmental

immunity because its petition asked for declarations and a determination of rights relating to the deeds issued to Z Bar and to Mr. Walker, not money damages.

In its petition, Z Bar states it sues Mr. Wineinger in his official capacity and seeks a declaration that Mr. Wineinger failed to perform the ministerial act of issuing a deed for the property located at 200 N. Fifth Street and that Mr. Wineinger is required to provide the correct deed to Z Bar.[3]   The failure to issue a correct deed qualifies as a ministerial act, for which a governmental employee is not entitled to official immunity.  *See City of Dallas v. Brooks*, 349 S.W.3d 219, 225 (Tex. App.—Dallas 2011, no pet.).  Mr. Wineinger argues he is being sued for actions arising from the performance of an important government function, i.e., the seizure and selling of property to ensure Hunt County has resources to meet its financial obligations.  However, what Z Bar's petition alleges is that Mr. Wineinger had a ministerial duty to issue a deed for the property Z Bar intended to purchase, which Mr. Wineinger failed to perform.  Section 34.05 of the tax code provides that "[t]he presiding officer of a taxing unit selling real property . . . at a private sale . . . shall execute a deed to the property conveying to the purchaser the right, title, and interest acquired or held by each taxing unit that was a party to the judgment foreclosing tax liens on the property."  TEX. TAX CODE ANN. § 34.05.  The use of the word "shall" evidences the mandatory nature of the duty imposed, and the statute provides under what circumstances Mr. Wineinger was to issue a deed.  *See Emmett*, 459 S.W.3d at 587 (discussing ministerial duty imposed by section 49.223 of the Texas Water Code).  The statute also contains no indication of whether Mr. Wineinger is to conduct any form of review, deliberation, or judgment in deciding what information to include on the deed.  *See id.*   Thus, after the

---

[3] Z Bar's petition also sought declarations that Mr. Wineinger's title to the property at 200 N. Fifth Street passed to Z Bar on the date of Z Bar's purchase on December 9, 2013, and that the deed issued by Mr. Wineinger to Z Bar was null and void because it did not affect the property at 200 N. Fifth Street.

completion of a private sale under section 34.05, Mr. Wineinger had a ministerial duty to execute a deed conveying the purchased property to Z Bar.

Finally, we address Mr. Wineinger's argument that governmental immunity bars Z Bar's claims because Z Bar sought what it describes as "money damages." To support his argument, Mr. Wineinger points to Z Bar's counsel's statements at the hearing that, in the event the court finds Mr. Walker is the record owner of the property at issue, Z Bar seeks, as alternative relief, a declaration that Mr. Wineinger is required to disgorge the payment made by Z Bar. In support of this request for alternative relief, Z Bar's petition asserts Mr. Wineinger has taken *ultra vires* actions, such that Z Bar was not required to plead governmental immunity had been waived because no immunity applied from the outset. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 n.1 (Tex. 2016).

The Supreme Court has indicated that even if an *ultra vires* claim may be brought, the remedy may implicate immunity. *Heinrich*, 284 S.W.3d at 372. A claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief, as measured from the date of injunction. *Id.* at 376. Generally, retrospective monetary claims are barred by immunity. *Id.* At 372. However, a judgment that involves the payment of money does not necessarily implicate immunity. *Id.* It is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. *Id.* at 372. To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Patel v. Tex. Dep't Licensing and Regulation*, 469 S.W.3d 69, 76 (Tex. 2015) (citing *Heinrich*, 284 S.W.2d at 372)).

Here, Z Bar seeks a declaration that Mr. Wineinger failed to perform the ministerial act of issuing a deed for the property located at 200 N. Fifth Street and that Mr. Wineinger was required to provide the correct deed to Z Bar. In the event the court finds Mr. Walker to be the record owner of the property located at 200 N. Fifth Street, Z Bar seeks as alternative relief a declaration that it is entitled to a refund of its purchase price and a judgment ordering Mr. Wineinger to refund the purchase price to Z Bar. We have little problem concluding Z Bar's alternative monetary claim is not barred. That relief would only be implicated in the event that Z Bar shows that Mr. Wineinger sold the same property twice, a prospect wholly unauthorized by any discretion grounded in the statutes under which he operates. We, of course, express no opinion on the merits of that claim at this stage. Instead, we merely conclude that a claim stated in the alternative, to return the purchase price to the aggrieved buyer under such circumstances, would not be barred by official immunity. *Id.*

In his reply brief and at oral argument, Mr. Wineinger also argued Z Bar had asserted claims for money damages in its petition by seeking attorney's and expert's fees and costs of court as part of its declaratory-judgment claim and in its prayer of relief. Mr. Wineinger cited this Court's opinion in *City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102 (Tex. App.—Dallas 2013, no pet.). In *City of McKinney*, we concluded a governmental entity's request for attorney's fees constituted an affirmative claim for monetary recovery, thus waiving immunity from suit for monetary claims to the extent the claims made against the governmental entity offset its claims. *Id.* at 119. However, the case here is that a governmental agent is arguing a private entity's claim for attorney's fees somehow is a claim for monetary damages that invokes governmental immunity. Accordingly, the authority cited by Mr. Wineinger is inapposite. Further, we have not found any authority to support his position that attorney's fees are money damages.

Because we conclude Z Bar properly asserted *ultra vires* claims against Mr. Wineinger such that no immunity applied to bar the trial court's jurisdiction and that Z Bar's petition did not otherwise implicate immunity, we overrule Mr. Wineinger's issue on appeal.

## CONCLUSION

The trial court's order denying Mr. Wineinger's motion to dismiss for lack of jurisdiction is affirmed.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

151104F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANDY L. WINEINGER, IN HIS
CAPACITY AS HUNT COUNTY TAX
ASSESSOR-COLLECTOR, Appellant

No. 05-15-01104-CV     V.

Z BAR A RANCH, LP AND JAMES
ALLEN WALKER, Appellees

On Appeal from the 196th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 80,762.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying Mr. Wineinger's motion to dismiss for lack of jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee Z BAR A RANCH, LP recover its costs of this appeal from appellant RANDY L. WINEINGER, IN HIS CAPACITY AS HUNT COUNTY TAX ASSESSOR-COLLECTOR.

Judgment entered this 22nd day of July, 2016.